# IN THE IOWA DISTRICT COURT FOR WEBSTER COUNTY

| | | |
|---|---|---|
| UPON THE PETITION OF | ) | |
| GARRET T. ARMSTRONG, | ) | |
| | ) | Case. No.LACV322913 |
| PLAINTIFF. | ) | |
| | ) | PETITION WITH OUT JURY DEMAND |
| Vs. | ) | RELIGIOUS DISCRIMINATION |
| | ) | |
| VALERO RENEWABLE FUELS, | ) | **PETITION AND JURY DEMAND** |
| | ) | |
| DEFENDANT. | ) | |

COMES NOW, The Plaintiff, Garret Tracy Armstrong and acting Pro Se lays out the foundation of this lawsuit against Defendant(s) Valero Renewable fuels  (aka "Valero".)

## COMPLAINT

This is an employment-related action that arose on December 22nd 2021, for violations of the Plaintiffs rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ('Title VII"); Iowa civil Rights act of 1965, Iowa code chapter 216, Iowa code chapter 94, Iowa Code Chapter 27c of the Iowa Code. Plaintiff was discriminated and retaliated against based on his Christian Seventh Day Adventist religious view regarding vaccination, when he was not hired to either of the two different vacant positions at Valero Renewable Fuels, denied accommodation, and otherwise harmed in terms and conditions of employment by management at the Defendant's facilities: Valero Renewable Fuels in Fort Dodge, Iowa.

## JURISDICTION AND VENUE

This court has jurisdiction pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U,S.C.  2000e to 2000e-17 (religion), Iowa Civil Rights Act of 1965, and  §216, §94, §27c  of the Iowa Code. Valero is a Business within Webster County Iowa.

1

The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of Valero Renewable Fuels ("employers"). The claims arise from events that took place between February 22nd 2021 and December 23st 2021 in the facility in Fort Dodge, Iowa.

## PARTIES

The Plaintiff, Pro Se, Garret T. Armstrong, is an adult individual who has a mailing address of 1007 South 22nd Street, Fort Dodge, Iowa 50501. His email address is: keeb.ga@gmail.com

The Defendant, Valero Renewable Fuels (aka Valero) is an Iowa business located in webster county Iowa and engages in commerce for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statue and regulations at issue in this case.

Valero Renewable fuels is represented by Attorney Steve Romero, 1 Valero Way,  San Antonio, Texas 78249.

## Complaint

(1) At the first stage of this approach, Plaintiff bears the burden of establishing a *prima facie* case of disparate treatment with respect to religious discrimination. Plaintiff establishes, through direct and/or indirect evidence, that.

(2) Mr. Armstrong is a Seventh day-Adventist and was baptized in 1995 into the Seventh day-Adventist church in Albia Iowa, he is a member of and/or practices a particular religion.

(3) Mr. Armstrong has a degree in Process Technology and a Diploma in Industrial Mechanics along with 5 plus years working in a refinery and management experience make him more than qualified for the stated position(s). Also, Defendant offered him a position only 10 months prior, that he turned down for personal reasons he is qualified to perform the job at issue.

2

(4) Mr. Armstrong was not hired due to his religious beliefs and those beliefs conflicting with being vaccinated, The vaccination policies at Valero requiring all new hires to be fully vaccinated against Covid 19 before starting date of work, conflicted with his Seventh-Day-Advantest beliefs and not getting vaccinated. Plaintiff has suffered lose of a job, emotional despair, financial harm, and other adverse employment action(s); and

(5) The position was filled on or about march of 2022 by a Non-Seventh Day-Adventist and this employee was not required to be vaccinated prior to starting at Valero Renewable Fuels in Fort Dodge Iowa ,(see the attachment offer letter to Ms. Dencklau that was hired for the position on or about march of 2022). This shows an inconstancy to the hiring procedures for Seventh day Adventist applicants and non-Seventh day Adventist in the conditions of hiring at Valero.[1]

(6) Mr. Armstrong did apply later that summer of 2022 in the end of June for a position at there Lakota city plant.

(7) Valero admits to this but alleges that Mr. Armstrong never returned their call.

(8) Mr. Armstrong doesn't recall a missed call or any emails sent. Mr. Armstrong had cell interruption from conduct arising from a Valero Employee in the later months of July and August of 2022.

## STATEMENT OF FACTS

(1) On December 20th 2021, Plaintiff applied at Valero Renewable Fuels in Fort Dodge, Iowa for a Process operator position and also a warehouse operator position.

(2) On December 22nd 2021 Plaintiff received a phone call from a Loree Stewart, a representative of Valero and Conducted a phone interview with her at that time.

## BRIEF DESCRIPTION OF INTERVIEW

(1) Ms. Stewart Introduced herself as a representative of Valero and wanted to know "*if I had time for a quick phone interview do to the fact that Valero had already extended an offer letter for an operations position in February of that same year*", that she was "*eager to get an onsite interview scheduled*".

---

[1] The church even turned their back on the belief in God and he alone has the power to protect those who believe in him. If you don't believe this yourself, ask me how I was not only able to walk away but road by bike home after with almost no injuries away from hitting 2 deer in august of 2022 doing 55mph+ on my motorcycle because  It's those instance that prove to me with out a showed of a doubt that the Lord God able to protect us. I've not always been the best Christian and am thankful for a creator that forgives those who ask for forgiveness.

3

(2) Mr. Armstrong replied "*yes*" and he let Ms. Stewert know that he *had time to do a phone interview* right then.

(3) Ms. Stewart said she was "*going to start out with a few questions*". And said, "*We here at Valero require that all new hires be fully vaccinated against Covid-19 or have been fully vaccinated against Covid-19 by your first day of employment at the Valero plant in Fort Dodge, Iowa.*" She went on to ask, "*Are you now fully vaccinated against covid-19 and if not? And if not, are you willing to get fully vaccinated against covid-19 before your first day of employment with Valero?*"

(4) Mr. Armstrong Responded with " *No mam, do to my religion and faith in God I've never been vaccinated and can't get them cause they're against my religions.*"

(5) Ms. Stewart hastily interjected and "*thanked Mr. Armstrong for his interest in the position with Valero but that would be all and they would have to end the interview there and they wouldn't be able to proceed any further*" and hung up before Mr. Armstrong could utter a reply or try and ask her if there was any way they could find a reasonable accommodation.

(6) That ended the Phone interview and Mr. Armstrong didn't hear more from Valero about a position.

## CONTINUATION OF FACTS

(1) In March of 2022 Vareo filed the warehouse position with a Tina Dencklau who is an unvaccinated Christian but is a Sunday worshiper and not a Saturday worshiper as Plaintiff is.is a Seventh day Adventist. Tina was not required to be vaccinated against covid-19 to start working there in March and was given a $4,000. Sign on bonus that was not offered to plaintiff or part of the position profile when Mr. Armstrong applied in December 2021.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

(1) On December 23rd 2021 Plaintiff contacted the United States Equal Employment Opportunity Commission (EEOC) to file an inquire in regards to the discrimination that took place on December 22, 2021 by Defendant.

(2) On June 6th, 2022 Plaintiff filed a formal complaint with the EEOC (Agency Charge No. 443-2022-00866)

(3) On October 10th 2022 Plaintiff was sent notice that the EEOC had cross filed the charge with the Iowa Civil Rights Commission (ICRC), and that they were going to let the EEOC complete its investigation before proceeding.

(4) On February 22nd 2023, Defendant submitted to the EEOC their "Respondent position statement."

(5) On April 5th 2023, Plaintiff submitted a rebuttal to Defendants position statement.

(6) On June 29th 2023 the EEOC administrative closed the case.

(7) On July 6th 2023, the ICRC sent plaintiff notice of the EEOC notifying them "that the has been Successfully Conciliated. The ICRC will take no further action in this case. And that the matter may be re-opened by informing the ICRC if the Respondent does not fulfill all the conditions and previsions of the enclosed conciliation agreement."

(8) On August 8th 2023, Plaintiff requested the Case file from the EEOC through a Freedom of Information Act (FIOA) request. But what he received has nothing to do with this case. It stated it was granted in part and denied in part.

(9) On September 26 plaintiff filed an application to proceed in state court as in forma pauperis, And per Iowa code Section 610.1 Ended the clock to the 90s set by the right to sue.

(10)     On September 29 the court granted Plaintiff the waiver of fees and in doing so approved a filing of a petition to be filed.

(11)     Plaintiff has a right to sue letter from the Iowa Civil rights Commission dated 11/14/2023 to issue there letter of right to sue that they said is forth coming.

## **REMEDIES and RELIEF**

(1) Plaintiff seeks immediate placement to the position of hire of a suitable position, at Valero plant in Fort Dodge Iowa.

(2) He also seeks lost wages and benefits for the denied position for the time period between December 22nd 2021 to the time of this suite.

(3) Plaintiff seeks compensatory damages for pain and suffering in the maximus amount of allowed by law. Along with other relief the court my find equitable.

(4) 36. Plaintiff seek appropriate remedies, pecuniary and non-pecuniary, including but not limited to immediate full restoration of lost wages and benefits; and compensatory damages for the deterioration of mental and physical health

5

conditions aggravated by the Defendant's discrimination the work place. More specifically, Plaintiff seeks the follow remedies:

a. Immediate instatement to the position from which he was or similar position.

b. Back pay and restoration of seniority and benefits upon instatement.

c. Restoration of the lost contribution to Plaintiff employee's 401k.

d. Restoration of the lost TSP contribution with match 5% ((1%+3%)@100%+2%@50%).

e. Restoration of annual leave () since the failure to hire (on December 22nd, 2021) to the time plaintiff starts working fro defndents with the garenty of no retaliatory or other punitive actions taken against the defendant along with any other persons mentioned in this suite or until the court sees fit of a start date or hiring Mr. Armstrong.

f. Restoration of sick leave (4 hours per pay period since the removal to the time of reinstatement to the position.

g. Restoration of the lost Social Security Tax Payment since the removal to the time of reinstatement to the position.

h. Attorney fee of $7,500.

i. non-attorney fee of $3,000.

j. Compensatory damages in the amount maximum amount allowed by law or a jury or this court see fit.

k. Enter judgment in favor of Mr. Armstrong and against the Defendant for violation of Mr. Armstrong Rights under Title VII and Iowa employment laws under common law more as listed.

l. Declare that the actions of the Defendant constituted unlawful discrimination.

m. Award Mr. Armstrong compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress.

n. Award Mr. Armstrong punitive damages in such amount as the Court deems proper.

q. Award Mr. Armstrong his costs, attorneys' fees, and non-taxable expenses in this action; and

6

r. Grant Mr. Armstrong such other and further relief as the Court deems equitable and just.

## NON-JURY DEMAND

The Plaintiff, pro se, Demands a Non-Jury trial on all issues in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for a trial and judgment in his favor and against the Defendant in the amount as just by the court.

DECLARATION

I, Garret Armstrong, hereby declare under penalty of perjury that the statement I made above is true to the best of my knowledge, information, and belief.

(sign) Garret Armstrong      November 20th, 2023

Respectfully Submitted,

~~Garret Arms~~
arre   . Armstrong
1007 South 22nd ST.
Fort Dodge, IA 50501
Keeb.ga@gmail.com
(515) 227-3141

## CERTIFICATE OF SERVICE

I, , Garret Armstrong hereby certify that the above Complaint was served on the entity identified below on the date of November 20th, 2023 by signer of the signature below by means indicated below:

Garret Armstrong
Garret Tracy Armstrong
1007 S 22nd Street
Fort Dodge, IA 50501
Keeb.ga@gmail.com
(515) 227-3141

Valero Renewable fuels served:

7

Via EDMS and CERTIFIED US MAIL,
And posted at the court house in Webster County Iowa
Documents served
Complaint/petition
Original Notice
Application to defer filing fees
Order granting deferral off filing fees.

### Table of authority

### The highest authority there is
God our Lord Almighty

### Iowa code
**27C.2** - Proof of vaccination - denial of state grants or contracts

1. Notwithstanding any provision of law to the contrary, a business or governmental entity shall not require a customer, patron, client, patient, or other person who is invited onto the premises of the business or governmental entity to furnish proof of having received a vaccination for COVID-19, as defined in section 686D.2, prior to entering onto the premises of the business or governmental entity. This section does not prohibit a business or governmental entity from implementing a COVID-19 screening protocol that does not require proof of vaccination for COVID-19.

2. Notwithstanding any provision of law to the contrary, grants or contracts funded by state revenue shall not be awarded to or renewed with respect to a business or governmental entity that violates subsection 1 on or after May 20, 2021.

3. For the purposes of this section:

   a. *"Business"* means a retailer required to obtain a sales tax permit pursuant to chapter 423, a nonprofit or not-for-profit organization, or

8

an establishment which is open to the public at large or where entrance is limited by a cover charge or membership requirement, but does not include a health care facility as defined in section 686D.2.

**b.** *"Governmental entity"* means the state or any political subdivision of the state that owns, leases, or operates buildings under the control of the state or a political subdivision of the state, but does not include a health care facility as defined in section 686D.2.

*Iowa Code § 27C.2* Added by 2021 Iowa HF 889,s 2, eff. 5/20/2021.

**94.2** COVID-19 vaccination requirements by employers —waiver.
An employer that requires an employee to receive a COVID-19 vaccine shall  waive the requirement if the employee, or, if the employee is a minor, the employee's parent or legal guardian, requests a waiver and submits either of the following to the employer:

1. A statement that receiving the vaccine would be injurious to the health and well-being of the employee or an individual residing with the employee.

2. A statement that receiving the vaccine would conflict with the tenets and practices of a religion of which the employee is an adherent or  member.
2021 Acts, 2nd Ex, ch1, §2, 5

Not all authorities are listed.